UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER M. RAUB,

    Plaintiff,

v.                                                                        Case No. 06-13942

CORRECTIONAL MEDICAL SERVICES,       Honorable Patrick J. Duggan
INC., in their official capacity, and JAN
GOLDBERGER, D.O., in his individual and
official capacity,

    Defendants.
_____/

## OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTION TO DISMISS

                        At a session of said Court, held in the U.S.
                          District Courthouse, Eastern District
                            of Michigan, on January 15, 2008.

        PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                                U.S. DISTRICT COURT JUDGE

    Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed this *pro se* lawsuit on September 7, 2006, challenging his treatment while in custody at the Saginaw Regional Facility. Specifically, Plaintiff alleges that Defendant Jan Goldberger, D.O. ("Dr. Goldberger") violated his Eighth Amendment rights by administering deliberately indifferent medical care. Plaintiff also alleges that Defendant Correctional Medical Services, Inc. ("CMS") violated his Eighth Amendment rights by

maintaining a custom and standard of practice of advising its doctors against informing and treating prisoners with serious illnesses.[1] Plaintiff also alleges torts of malpractice and negligence. On July 11, 2007, Defendants filed a motion to dismiss, contending that Plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit, contrary to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), and that Plaintiff failed to state a claim for which relief can be granted. The matter was referred to Magistrate Judge Virginia M. Morgan.

On November 14, 2007, Magistrate Judge Morgan issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted with respect to Plaintiff's claim against CMS and denied with respect to Plaintiff's claim against Dr. Goldberger. Plaintiff filed an objection to the R&R on November 27, 2007. Three days later, on November 30, 2007, Defendants filed objections to the R&R.

## I. Standard of Review

The parts of the R&R to which the parties object will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

## II. Plaintiff's Objection

Plaintiff objects to Magistrate Judge Morgan's recommended dismissal of CMS for

---

[1] When referred to collectively, the Court will refer to Dr. Goldberger and CMS as "Defendants."

failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In deciding such a motion, "a district court must accept as true all allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Kottmyer v. Mass*, 436 F.3d 684, 688 (6th Cir. 2006). While liberal, this standard of review requires "more than the bare assertion of legal conclusions," *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), and the district court need not accept as true "unwarranted factual inferences." *Kottmyer*, 436 F.3d 688.

Defendants argued in their motion to dismiss that Plaintiff's claim against CMS "fails to allege that a specific policy, practice or procedure was violated by [CMS]." (Doc. No. 9, Dfts.' Br. at 14.) Defendants further averred that Plaintiff "makes only vague allegations in the Complaint that [CMS] was deliberately indifferent to his medical needs and denied him certain medical procedures/referrals." (*Id.* at 14-15.)

CMS, a private corporation who has allegedly contracted with the state to perform the traditional state function of providing medical services to inmates, can be held liable under § 1983 based on *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978). *See Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996)(citations omitted). Under *Monell*, respondeat superior liability is not available as a means of recovery. *Monell*, 436 U.S. at 694, 98 S. Ct. at 2037. Rather, liability can be found in situations where a deprivation of constitutional rights occurs as a result of an entity's policy, custom, or practice. *Id.* at 694, 98 S. Ct. at 2037-38. Moreover, there

3

must be an "affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 2436 (1985). In pleading a claim based on *Monell*, the Supreme Court has held that all that is required is a pleading that is in conformance with Rule 8(a)(2) of the Federal Rules of Civil Procedure.[2] *See Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 1163 (1993)(rejecting the application of a heightened pleading standard for municipal liability under § 1983 and stating that "federal courts must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later").

In her R&R, Magistrate Judge Morgan held that Plaintiff's "claim against CMS should be dismissed because it consists solely of a legal conclusion and there are no factual allegations raising a right to relief above the speculative level." (R&R at 12.) This Court believes that Plaintiff has properly stated a claim for which relief can be granted against CMS.

This Court believes that Plaintiff's claim against CMS is sufficient to survive Defendants' motion to dismiss. In his Complaint, Plaintiff alleges:

> [CMS], as the State Contracted Medical provider, does as custom and standard of practice to advise their doctors against informing and treating patients with serious illneses [*sic*] (such as Hepatitis C) and as such [CMS] has violated Plaintiff's 8th Amendment rights.

---

[2] Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

4

(Compl. ¶ 8.) This Court believes that these allegations are sufficient to allege a § 1983 claim based on *Monell*, *see Leatherman*, 507 U.S. at 168-69, 113 S. Ct. at 1163, particularly where, as here, Plaintiff's *pro se* Complaint must be construed liberally. *Owens v. Kelling*, 461 F.3d 763, 776 (6th Cir. 2006). Contrary to Magistrate Judge Morgan's R&R, these allegations are not "solely of a legal conclusion," and in this Court's opinion, if these allegations are proven to be true, they would raise "a right to relief above the speculative level." (R&R at 12.) Consequently, the Court rejects Magistrate Judge Morgan's R&R to the extent that it recommends the dismissal of Plaintiff's *Monell* claim against CMS.

## III. Defendants' Objections

### A. Objection #1 – Exhaustion of Administrative Remedies

Defendants' first objection takes issue with Magistrate Judge Morgan's R&R to the extent that it recommends the denial of Defendants' motion to dismiss Plaintiff's claim against Dr. Goldberger on exhaustion grounds. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA exhaustion requirement requires proper exhaustion," *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006), and "[c]ompliance with the prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones v. Bock*, 127 S. Ct. 910, 923 (2007).

Defendants assert that Plaintiff's Eighth Amendment claim against Dr. Goldberger

5

was not properly exhausted because Plaintiff's Grievance No. SRF-06-03-0342-12e did not specifically name Dr. Goldberger in violation of the Michigan Department of Correction's grievance policy, PD 03.02.130.  MDOC policy provides that "[d]ates, times, places and names of all those involved in the issue being grieved are to be included" in the grievance form filed by the prisoner at Step I of the grievance process. (MDOC Policy Directive 03.02.130, ¶ T, attached as Exhibit B to Dfts.' Mot.)

As Magistrate Judge Morgan noted in her R&R, the Step I grievance form submitted by Plaintiff did not contain a reference to any specific doctors in the "Facts" section. (R&R at 7.)  Nonetheless, in the section entitled "Temporary Remedies Requested," Plaintiff requested "[t]hat Dr. Goldberger provide a written synopsis of my Medical treatments here at SRF."  (Grievance No. SRF-06-03-0342-12e, attached to Plaintiff's Compl.)  Like Magistrate Judge Morgan, this Court believes that Plaintiff's Step I grievance form sufficiently named Dr. Goldberger.  Moreover, as Magistrate Judge Morgan stated "the fact that [P]laintiff's grievance was ruled upon at three separate steps and decided on its merits" is evidence that "MDOC itself was satisfied that [P]laintiff provided the necessary level of detail."  (R&R at 7.)  Consequently, Defendants' motion to dismiss Plaintiff's Eighth Amendment claim against Dr. Goldberger based on Plaintiff's alleged failure to specifically name Dr. Goldberger in Grievance No. SFR-06-03-00342-12e will be denied.

**B.     Objection #2 – Failure to State a Claim for Which Relief Can be Granted Against Dr. Goldberger**

In their second objection, Defendants contend that Plaintiff's Complaint fails "to

state a specific claim under 42 U.S.C. § 1983" against Dr. Goldberger. (Dfts.' Objs. at 10.) Defendants argue that Plaintiff "simply makes base allegations and provides no evidence of a serious medical need or deliberate indifference to his medical needs." (Dfts.' Objs. at 11.) Furthermore, Defendants contend that even if the facts alleged by Plaintiff were true, they are insufficient to state a claim under the Eighth Amendment. Along those same lines, Defendants assert that Plaintiff's allegations merely show that he has a "difference of medical opinion with Defendants." (*Id.* at 12.)

Identical arguments were asserted by Defendants in their motion to dismiss. Magistrate Judge Morgan rejected Defendants' arguments in her R&R stating: "Given [P]laintiff's allegations concerning his medical conditions, Dr. Goldberger's knowledge, and Dr. Goldberger's actions, [P]laintiff has alleged facts evidencing a deliberate indifference to his serious medical needs and he has stated a § 1983 claim for a violation of his Eighth Amendment rights." (R&R at 11.)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Co.*, 408 F.3d 803, 812 (6th Cir. 2005)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). "Negligence or medical malpractice alone cannot sustain an Eighth Amendment claim, absent a showing of deliberate indifference." *Perez v. Oakland Co.*, 466 F.3d 416, 424 (6th Cir. 2006)(citing *Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 292).

7

"Deliberate indifference" is comprised of an objective and a subjective component. The objective component requires that the medical need "be, objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994)(internal quotations omitted). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)(citing *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979).

This Court agrees with the reasoning of Magistrate Judge Morgan. With respect to Dr. Goldberger, Plaintiff alleges:

> Defendant Jan Goldberger, D.O. did, with deliberate indifference to Plaintiff's health, withhold Medical information from Plaintiff and Doctors treating Plaintiff regarding Plaintiff's Hepatitis C positive test (violating not only Michigan Department of Corrections Policies but also those set out by Local and Federal Health authorities regarding bloodborne [*sic*] diseases) resulting in Plaintiff being prescribed medications that are strongly contraindicted [*sic*]. Defendant Goldberger also prescribed contraindicted [*sic*] Medications. As a result Plaintiff has Suffered and is suffering still from Severe Abdominal pain, Rectal Bleeding, and Muscle wasting and other ailments that can be directly related to this issue. And as such Jan Goldberger D.O. has Violated Plaintiff's 8th Amendment Rights.

(Compl. ¶ 7.) In this Court's opinion, these allegations are sufficient to state an Eighth Amendment claim against Dr. Goldberger for his alleged deliberately indifferent medical care. Moreover, if proven to be true, these allegations would show more than mere negligence. Consequently, Defendants' motion to dismiss Plaintiff's claims against Dr.

8

Goldberger for failure to state a claim for which relief can be granted will be denied.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Morgan's R&R is **ACCEPTED IN PART** and **REJECTED IN PART**. The R&R is **REJECTED** to the extent that it recommends the dismissal of CMS. The R&R is **ACCEPTED** for all other purposes.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Peter R. Raub
#318472
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

Kimberly A. Koester, Esq.

Magistrate Judge Virginia M. Morgan