UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER M. RAUB,

    Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICES,
INC., in their official capacity, and JAN
GOLDBERGER, D.O., in his individual and
official capacity,

    Defendants.
_____/

Case No. 06-13942

Honorable Patrick J. Duggan

## **OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 15, 2008.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Presently before this Court is Correctional Medical Services, Inc. and Jan Goldberger, D.O.'s (collectively referred to as "Defendants") Motion for Reconsideration of this Court's January 15, 2008 Opinion and Order Accepting In Part and Rejecting In Part Magistrate Judge's Report and Recommendation and Denying Defendants' Motion to Dismiss.

## I. Background

Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed this *pro se* lawsuit on September 7, 2006, challenging his treatment while in custody at the Saginaw Regional Facility. Specifically, Plaintiff alleges that Defendant Jan Goldberger, D.O. ("Dr. Goldberger") violated his Eighth Amendment rights by administering deliberately indifferent medical care. Plaintiff also alleges that Defendant Correctional Medical Services, Inc. ("CMS") violated his Eighth Amendment rights by maintaining a custom and standard of practice of advising its doctors against informing and treating prisoners with serious illnesses. Plaintiff also alleges torts of malpractice and negligence.

On July 11, 2007, Defendants filed a motion to dismiss, contending that Plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit, contrary to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), and that Plaintiff failed to state a claim for which relief can be granted. The matter was referred to Magistrate Judge Virginia M. Morgan.

On November 14, 2007, Magistrate Judge Morgan issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted with respect to Plaintiff's claim against CMS and denied with respect to Plaintiff's claim against Dr. Goldberger. Plaintiff filed an objection to the R&R on November 27, 2007. Three days later, on November 30, 2007, Defendants filed objections to the R&R. As relevant to Defendants' present motion, the Court, in its January 15, 2008 Opinion and Order rejected Magistrate Judge Morgan's R&R to the extent that it recommended

dismissal of Plaintiff's claim against CMS.

**II. Standard of Review**

Pursuant to Eastern District of Michigan Local Rule 7.1(g)(2), "[n]o response to [a] motion [for reconsideration] and no oral argument are permitted unless the court orders otherwise." Furthermore, the standard for a Motion for reconsideration is set forth in Eastern District of Michigan Local Rule 7.1(g)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus, "[t]he Court will grant a motion for reconsideration if the moving party shows: (1) a 'palpable defect,' (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

**III. Analysis**

Defendants argue that this Court erred in concluding that Plaintiff's complaint properly stated a claim against CMS under § 1983 based on *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978). More specifically, Defendants argue that "Plaintiff's Complaint fails to allege that a specific policy, practice or

3

procedure was violated by Defendant CMS. The claims in Paragraph 8 of the Complaint do not state specific policies or procedures that were allegedly violated." (Dfts.' Br. at 4.) Defendants also contend Plaintiff has failed to allege a causal connection between the alleged custom or policy and his injury.

Defendants' motion for reconsideration is based on this Court's denial of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In deciding such a motion, this "Court must construe the complaint in a manner most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[1] *Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 502 (6th Cir. 2007)(quoting *Bell Atlantic v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007)). Where, as here, the plaintiff is proceeding *pro se*, a court deciding a Rule 12(b)(6) motion to dismiss must construe the complaint under "an especially liberal standard." *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

CMS[2] can be held liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.

---

[1] At one point in brief in support of their motion for reconsideration, Defendants argue that Plaintiff has not "demonstrated . . . evidence . . . that arise [*sic*] anywhere to the level required for a 1983 claims against Defendant CMS." (Dfts.' Br. at 6.) This argument is more appropriate for a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court's analysis of a Rule 12(b)(6) is limited to the allegations in the complaint. Therefore, Defendants' references to evidence or Plaintiff's alleged failure to demonstrate one or more of his allegations will not be considered for purposes of their present motion. Similarly, the cases cited by Defendants deciding whether a defendant is entitled to summary judgment are also unpersuasive.

[2] In this case, Plaintiff alleges that CMS is a "State Contracted Medical provider." (Compl. ¶ 8.) Private entities that perform traditional state functions can be held liable

Ct. 2018 (1978), and its progeny only if (1) the execution of its official policy or custom inflicted Plaintiff's injury and (2) there is "an 'affirmative link between the policy [or custom] and the particular constitutional violation alleged.'" *Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007)(citing *Monell*, 436 U.S. at 694, 98 S. Ct. at 2037-38, and quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 105 S. Ct. 2427, 2436 (1985)). The Supreme Court has held that *Monell* claims are subject to the same notice pleading requirements as required for all claims brought in a federal district court. *Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (168-69, 113 S. Ct. 1160, 1163 (1993)(rejecting the application of a heightened pleading standard for *Monell* claims and stating that "federal courts must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later").

In Paragraph 8 of his Complaint, Plaintiff alleges:

> [CMS], as the State Contracted Medical provider, does as custom and standard of practice to advise their doctors against informing and treating patients with serious illneses [*sic*] (such as Hepatitis C) and as such [CMS] has violated Plaintiff's 8th Amendment rights.

(Compl. ¶ 8.) Contrary to Defendants' argument, Paragraph 8 of Plaintiff's Complaint does set forth a specific "custom" of CMS: advising their doctors against informing and treating patients with serious illnesses. Moreover, this Court believes that, when Paragraph 8 of Plaintiff's Complaint is read in the context of the entire Complaint and

---

under § 1983.

particularly Paragraph 7, Plaintiff has adequately alleged a causal connection between CMS's alleged custom and his injury. In Paragraph 7 of his Complaint, Plaintiff alleges that Dr. Jan Goldberger was deliberately indifferent to Plaintiff's medical needs when he withheld information from Plaintiff and his other doctors regarding Plaintiff's Hepatitis C, resulting in Plaintiff's other doctors prescribing medications that were contraindicating. (Compl. ¶ 7.) Plaintiff also alleges that Dr. Goldberger was deliberately indifferent to his medical needs when, notwithstanding his knowledge of Plaintiff's Hepatitis C, he prescribed medications that were contraindicating. (*Id.*) According to Plaintiff, the prescribing of contraindicating medications resulted in severe abdominal pain, rectal bleeding, muscle wasting, and other related ailments. (*Id.*) Construing Plaintiff's Complaint liberally, if CMS has a custom of advising its doctors to withhold information from patients regarding serious medical illnesses such as Hepatitis C and not treat these patients, it follows that Plaintiff's injuries could have been caused by such a custom.[3] Defendants have therefore failed to demonstrate a palpable defect in this Court's January 15, 2008 Opinion and Order denying their motion to dismiss Plaintiff's *Monell* claim against CMS.

Accordingly,

---

[3] Defendants also cite *Ketron v. Chattanooga-Hamilton Co. Hosp. Auth.*, 919 F. Supp. 280 (E.D Tenn. 1996). In *Ketron*, the court dismissed the plaintiff's *Monell* claim, holding that while the plaintiff's complaint used the words "policy," "custom," and "usage," it went no further. The complaint in *Ketron* merely stated that the alleged wrongful conduct took place "pursuant to policy, custom or usage of [the defendant]." *Ketron*, 919 F. Supp. at 284. As stated above, Plaintiff's complaint in this action does go further than merely using the word "custom." Therefore, the Court is not persuaded by Defendants' reliance on *Ketron*.

**IT IS ORDERED** that Defendants' Motion for Reconsideration is **DENIED**.

                                                     s/PATRICK J. DUGGAN
                                                     UNITED STATES DISTRICT JUDGE

Copies to:
Peter Raub
#318472
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

Kimberly A. Koester, AAG