UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER M. RAUB,

    Plaintiff,

v.                                                                                    Case No. 06-13942

CORRECTIONAL MEDICAL SERVICES,    Honorable Patrick J. Duggan
INC., in their official capacity, and JAN
GOLDBERGER, D.O., in his individual and
official capacity,

    Defendants.
_____/

**OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
  District Courthouse, Eastern District
  of Michigan, on December 23, 2008.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed this *pro se* lawsuit on September 7, 2006, challenging his treatment while in custody at the Saginaw Regional Facility. Specifically, Plaintiff alleges that Defendant Jan Goldberger, D.O. ("Dr. Goldberger") violated his Eighth Amendment rights by administering deliberately indifferent medical care. Plaintiff also alleges that Defendant Correctional Medical Services, Inc. ("CMS") violated his Eighth Amendment rights by

maintaining a custom and standard of practice of advising its doctors against informing and treating prisoners with serious illnesses.[1]  Plaintiff also alleges torts of malpractice and negligence.  On April 25, 2008, Defendants filed a motion for summary judgment.  The matter was referred to Magistrate Judge Virginia M. Morgan.

On November 7, 2008, Magistrate Judge Morgan issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted and that the case be dismissed.  Plaintiff filed objections to the R&R on November 19, 2008.

**I.  Standard of Review**

The parts of the R&R to which Plaintiff objects will be reviewed by the Court *de novo*.  *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

**II.  Plaintiff's Objections**

Plaintiff's primary objection to Magistrate Judge Morgan's R&R appears to be that she misinterpreted the basis for his claim.  Plaintiff clarifies in his objections that he is not claiming that his hepatitis C was a serious illness or that Defendants failed to treat his hepatitis C; rather, Plaintiff asserts that there was a serious need for Dr. Goldberger to disclose the hepatitis C infection to Plaintiff and other treating medical personnel as soon as that information became available.  Plaintiff claims that Dr. Goldberger withheld the

---

[1] When referred to collectively, the Court will refer to Dr. Goldberger and CMS as "Defendants."

2

hepatitis C diagnosis for over five months while other doctors prescribed medications contraindicated with the hepatitis C infection. It is the withholding of information, then, that Plaintiff claims violated his Eighth Amendment rights. Plaintiff also argues in his objections that CMS is liable for maintaining policies and procedures that give doctors, like Dr. Goldberger, the final say and ability to withhold information. Plaintiff's objections lack merit.

**A. Withholding the Hepatitis C Diagnosis**

Although Magistrate Judge Morgan's R&R also discusses other possible theories as grounds for Plaintiff's constitutional claim, it did not do so at the expense of the claim reiterated by Plaintiff in his objections. The R&R clearly acknowledges the nature of Plaintiff's claim in stating, "[P]laintiff does not allege that Dr. Goldberger was deliberately indifferent in treating plaintiff's Hepatitis C condition. Instead, plaintiff alleges that Dr. Goldberger's withholding of medical information from plaintiff and the other treating physicians led to plaintiff's being prescribed the 'wrong' medications affecting plaintiff's serious medical needs." Even with this understanding, however, Magistrate Judge Morgan concluded that Plaintiff failed to establish a violation of his constitutional rights and that Dr. Goldberger is entitled to summary judgment.

The Court agrees with Magistrate Judge Morgan that Plaintiff's claim fails as a matter of law. To succeed on his claim, Plaintiff must establish that Dr. Goldberger was so deliberately indifferent to his serious medical need that he "unnecessarily and wantonly inflicted pain." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Setting aside the issue of whether Dr. Goldberger withheld information

3

regarding Plaintiff's hepatitis C infection with deliberate indifference, Plaintiff has failed to establish that Dr. Goldberger's withholding of information inflicted unnecessary pain.

Plaintiff appears to argue that the sequence of events alone establishes that Dr. Goldberger's failure to disclose caused him to suffer gastrointestinal ailments. Plaintiff's argument proceeds as follows: (1) Plaintiff's cancer specialists requested a complete medical history on Plaintiff; (2) Dr. Golberger obtained blood test results indicating that Plaintiff tested positive for hepatitis C; (3) Dr. Goldberger failed to inform Plaintiff's cancer specialists of the hepatitis C; (4) Plaintiff underwent surgery to remove cancerous cells from his mouth; (5) Plaintiff was prescribed Vicodin to ease the pain after surgery; and (6) Plaintiff began suffering from gastrointestinal problems. Inasmuch as this sequence of events warrants an inquiry into whether Plaintiff's ailments were caused by contraindication between the cancer surgery or Vicodin and hepatitis C, subsequent events ignored by Plaintiff dispel such a concern. Once Dr. Goldberger disclosed to Plaintiff and other treating medical personnel that Plaintiff is positive for hepatitis C, nothing about Plaintiff's condition or treatment changed. For example, a gastroenterologist treating Plaintiff for his ailments diagnosed Plaintiff with irritable bowel syndrome despite his knowledge that Plaintiff has hepatitis C. Similarly, at least six other medical personnel–nurses, physicians assistants, and doctors–failed to acknowledge a need for change in Plaintiff's treatment after learning about the hepatitis C diagnosis and none of those individuals suggested, or even expressed concern, that Plaintiff's gastrointestinal ailments resulted from contraindications between hepatitis C and other treatments Plaintiff received. Furthermore, disclosure of Plaintiff's hepatitis C

4

infection did not lead to improvements in Plaintiff's condition as one would expect if his ailments were the result of contraindications. Absent a showing that Dr. Goldberger's conduct proximately caused his ailments, Plaintiff cannot succeed on his Eighth Amendment claim and Dr. Goldberger is entitled to summary judgment. *See Doe v. Sullivan County, Tenn.*, 956 F.2d 545, 550 (6th Cir. 1992).

Although it does not appear that Magistrate Judge Morgan's R&R expressly deals with Plaintiff's negligence and medical malpractice claims, the issue of causation addressed above applies equally to the latter claims; both negligence and medical malpractice claims require proof of causation. *See Stone v. Williamson*, 482 Mich. 144, 166, 753 N.W.2d 106, 117 (2008). As a result, Dr. Goldberger is entitled to summary judgment on all claims brought against him.

## B. Liability of CMS

Plaintiff also objects to Magistrate Judge Morgan's conclusion that CMS is entitled to summary judgment. Plaintiff's objections, however, fail to clarify the precise theory upon which he seeks to hold CMS liable. The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Morgan in regard to CMS's liability. To the extent Plaintiff alleges that Dr. Goldberger violated CMS policy by withholding the hepatitis C diagnosis, Plaintiff fails to state a cause of action against CMS. To the extent Plaintiff alleges that CMS policies placed Dr. Goldberger in a position to withhold the hepatitis C diagnosis, Plaintiff fails to identify a policy that is either unconstitutional on its face or can be proven to have caused a constitutional violation. *See generally Johnson v. Karnes*, 398 F.3d 868, 877 (summarizing the

5

requirements of a "policy or custom" claim). For these reasons, CMS is entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Morgan's R&R is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment is **GRANTED**.

A judgment consistent with this opinion shall issue.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Peter R. Raub
#318472
Mid-Michigan Correctional Facility
8201 N. Croswell Road
St. Louis, MI 48880

Kimberly A. Koester, Esq.

Magistrate Judge Virginia M. Morgan